## Kelley v. Delaware County Board of Elections

*Maryjane B. Kelley,* for petitioner.
*Kenneth T. Ryan,* for respondent.

BLOOM, *J.,* July 7, 1981—These two cases arise out of the primary election of May 19, 1981. Petitioner was a candidate, on the Republican Ticket, for one of three positions as borough councilman. The results of said election, as certified by the Delaware County Board of Elections were:
1. Angelo Flocco—593 votes
2. Francis X. Joseph—518 votes
3. William G. Savage—506 votes
4. Al Kelley—492 votes
5. Frederick A. Mills—461 votes.
After the polls were closed and when the tabulation of votes began, it became apparent that there might be machine error when voting machine no. 155202, located in the 1st Precinct, was opened and the column 27A, assigned to Al Kelley, showed "0" votes cast. Pursuant to the Pennsylvania Election Code of June 3, 1937, P.L. 1333, as amended, 25 P.S. §3154, three electors of the 1st Precinct of Glenolden petitioned the Board of Elections to recanvass the machines used in the 1st Precinct. Said machine no. 155202 was checked on June 3, 1981 by Francis Connors, County Solicitor, and Stephen McFee, Custodian of voting machines. Custodian McFee testified that when he touched the counter, it spun and he was of the opinion that the counter 27A would not register votes. The machine was test voted by Solicitor Connors and Custodian McFee and the count for 27A was still zero. It was the opinion of Solicitor Connors and Custodian McFee that machine #155202 was defective in that no votes would register on lever 27A.
On June 8, 1981, 25 electors of the 1st Precinct of Glenolden filed a petition to contest the election

and Al Kelley, the aggrieved candidate, filed an appeal from the decision of the county board of election, certifying the votes. Candidate William Savage was allowed to intervene, as it was his election position that was being challenged.

The two petitions were combined and argued before this court on June 22 and 23, 1981. On June 26, 1981, both parties agreed to submit no further testimony and to submit briefs by June 30, 1981.

This court, in deciding this matter, was guided by a decision of our court, Norwood Election Contest Case, 382 Pa. 547, 552, 116 A. 2d 552 (1955), in that: "'The power to throw out a ballot for minor irregularities, like the power to throw out the entire poll of an election district for irregularities, must be exercised very sparingly and with the idea in mind that either an individual voter or a group of voters are not to be disfranchised at an election except for compelling reasons.'"

In the case at bar, this court finds that according to the election returns, as certified by the board of elections, William G. Savage was nominated as a candidate for Borough Council of Glenolden. According to the returns, candidate Savage has secured this position by a 14 vote majority over the petitioner, Al Kelley. Candidate Kelley, through his counsel, presented in her petition, affidavits from 25 qualified electors of the 1st Precinct of Glenolden, that they had voted on machine no. 1 and that they left the polls believing that their votes had registered. Counsel for candidate Savage has objected to the introduction of these affidavits, since he believes that none of these people can say that they voted on machine no. 155202. This court agrees with candidate Savage that none of those voters, taking affidavits in the matter, looked at the

number on the back of the machine; however, we feel that each voter has identified, in their affidavit, the machine he or she voted on as the first machine. At trial, petitioner, Al Kelley, presented the Judge of Elections for the 1st Precinct, who stated that machine no. 155202 was designated as the first machine or the one closest to the door. Accordingly, this court admits into evidence the affidavits for the limited purpose of showing these voters cast votes on machine no. 155202. We will not count these affidavits as votes since we feel that this would violate the election process of secret ballots. Therefore, the court makes the following findings of fact.

1. That voting machine no. 155202 malfunctioned.

2. That it is uncertain as to when said malfunction occurred.

3. That due to said malfunction, it cannot be determined what was the will of the people.

4. That without said malfunction, there is a probability that the election results might be different.

5. That it is impossible to determine exactly how many people voted on lever 27A on machine no. 155202.

This court has the plenary powers to decide this matter. Pursuant to 25 P.S. §3157(b): "The court on an appeal shall have full power and authority to hear and determine all matters pertaining to any fraud or error committed in any election district to which such appeal relates, and to make such decree as right and justice may require." In a similar case to the one at bar, In re General Election of Nov. 4, 1975 (No. 2), 71 D. & C. 2d 83 (1975), the court outlined the many options available; the court

could decide that all votes on machine no. 155202 were invalid and order that those votes not be counted. However, to do so would be to disfranchise the 113 voters who came out to vote on this machine. This might further complicate matters as other county offices were being decided in this election.

The court could count the 25 affidavits as votes and declare petitioner the winner of the election. However, to do so would violate the right to a secret ballot.

The court could dismiss the petition and allow the results, as certified by the board of elections, to stand. This would, however, defeat a primary purpose of our form of government, that the people have a right to determine their candidates.

The court could declare a vacancy and have the proper organization declare the nominee. This, too, would violate the fundamental right of the people to choose their candidates.

Justice and fair play demand that this court order a special election. The only way to recapture the will of the people is to allow them to vote in an election free from error. In our form of government, if elections stand for anything, they must stand for the fact that the will of the people will be carried out. Were this court to do anything less, it would seriously infringe on the right to vote.

This court realizes that in In re General Election of Nov. 4, 1975 (No. 2), supra, it ordered a whole new district wide election; however, we are not bound by that decision. We do not consider this to be an election per se, but rather we view this as a remedial action.

It may be true that candidate Savage will be returned as the candidate. If so, it would be the will of

the people as shown in an election free from doubt or error.

Therefore, we enter the following

### ORDER

And now, July 7, 1981, after presentation of testimony and briefs submitted by respective counsel, the court hereby orders a special election to be held with the following conditions:

1. Said election shall be held within 30 days of the date of this order, as set by the board of elections.

2. Said election shall be held between William G. Savage and Al Kelley.

3. Said election shall be limited to the 1st Precinct of Glenolden.

4. Said election shall be open to only those qualified Republican voters who were so qualified to vote on May 19, 1981.